## LOUGHRIDGE vs. THOMPSON.

1. When the plaintiff declares in assumpsit on a special contract, by which the defendant agreed to serve as pilot during the boating season on a certain steamboat, and also adds the common counts, it is competent for the defendant, under the plea of the general issue, to show a contract different from that declared on.

2. A motion to exclude testimony, of which a part is admissible, may be overruled.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. John Bragg.

This was an action of assumpsit, brought by Loughridge against Thompson, for services performed as a pilot on board a steamboat of which the defendant was one of the owners.

The declaration sets out a special contract to act as pilot on board the steamboat "8th January," for the boating season, to-wit: from 1st November, 1848, to 1st May, 1849, for $1200. A count on a *quantum meruit* and other common counts are added for services as pilot on the "*8th of January.*"

The pleas are, first, the general issue, and second, payment.

The plaintiff introduced evidence tending to support his declaration. The bill of exceptions then proceeds in these words; "Defendant introduced G. W. Cloudis, who proved that while he was at New Albany, Indiana, in the summer of 1849, (this is a manifest mistake for 1848,) he wrote a letter by instructions from the defendant, then with him, to Campbell, Owen & Co. of Mobile, requesting them to employ the plaintiff to run as pilot on the steamer "*8th of January,*" or the "*Aberdeen,*" as his services might be required on either by the owners, the same persons being owners of both boats; that witness had no interest in said boats, or either of them; that after witness returned to Mobile, and immediately after

the "*8th of January*" was laid up, witness, who was captain of the "*Aberdeen,*" went to plaintiff, and required him to go on board the Aberdeen, and finish his season as pilot. Upon this demand being made, the plaintiff acceded to it, and promised to finish his season as pilot on the Aberdeen; that when the Aberdeen had received her freight, and was ready to start up the river, the plaintiff refused to go, alleging that he had the cholera; that plaintiff was then drunk, and that witness, in consequence thereof, was compelled to employ another pilot; that on the succeeding trip of the Aberdeen, plaintiff was drunk, and unable, from intoxication, to go on board and act as pilot, and never rendered at any time during the season, any services as pilot on board of said boat."

There was proof that $224 had been paid to plaintiff for his services on the *8th of January* up to the 5th January, 1849, at which time the said last mentioned boat was laid up for the season, and the hands discharged; also proof that plaintiff acknowledged himself indebted to defendant $30 for iron.

To the admission of all the testimony contained in the foregoing abstract from the bill of exceptions, "in regard to plaintiff's agreement to serve on the Aberdeen after he had been discharged from the *8th of January*, plaintiff excepts as irrelevant."

The court charged the jury:

1. That it would be their duty to ascertain what was the true contract between the parties. If the contract was an entire one, to serve on a particular boat, then in the event of its being first broken by the captain or owners of the boat, the plaintiff would be absolved from performing his part of it, and would be entitled to recover the whole amount agreed to be paid for the season.

2. That if the jury should be of opinion that plaintiff's contract was confined to a particular boat, and he had been prevented from complying with it, his subsequent promise to serve on the Aberdeen would not be binding on him, without some new consideration.

The admission of the testimony aforesaid, and the charges of the court, are assigned for error.

O. S. JEWETT, for plaintiff in error:

The testimony of said witness in relation to the services upon the Aberdeen, was irrelevant, and not admissible under the general issue; because, nothing shall be given in evidence which does not directly tend to the proof or the disproof of the matters in issue. State v. Wisdom, 8 P. 511; Greenl. on Ev. p. 58 §§ 51–2.

When the defence in any way admits the plaintiff's cause of action, and seeks to avoid it by matter *aliunde*, the matter of defence must be raised by plea. 3 McCord, 317; see Brewer v. Strong's Ex'rs, 10 Ala. Rep. 966; Saunders' Pl. and Ev. 137, and cases there cited.

Even if the evidence in this case was admissible under the general issue, still it did not amount to an alteration of the former contract, or a release of the defendant, and a discharge of his liability. It was nothing more than an agreement on the plaintiff's part, subsequently to his discharge, to run the balance of the season on another boat. Such an agreement cannot be construed into a release of the existing liability, or a substitution of a new contract for the old one.

The error complained of is, that the court permitted this evidence to go to the jury, under the instruction that it rested with them to say what the contract was. The jury may well have thought that the evidence of the captain of the Aberdeen was properly before them, for the purpose of showing what the original contract was.

A party shall not be permitted to offer evidence irrelevant to the issue, or incompetent, when excepted to, for there is great danger that it may bias the jury; and this result may happen, even though the court should afterwards, in its charge, tell the jury not to consider it.

PERCY WALKER, *contra*:

There is no error in the record to authorize a reversal. The defence made below was perfectly legitimate, under the issues joined. Considering the form of the declaration, the plea of the general issue enabled the defendant to show that the contract sued on was an entire contract. 1 Saunders on Pl. and Ev. pp. 152–3.

An agreement to serve a specified time is an entire contract; and if the party leaves before the termination of the

time, he cannot recover. 1 Stew. 29; 12 Johnson, 165; 3 Ala. 440–676; 13 Johnson, 53. The case in 12 Johnson shows, that the plea of the general issue is sufficient to allow the proof upon which the defence rested in this case, to come in. We might admit that the testimony of G. W. Cloudis, as to the contents of the letter, was not strictly admissible, without at all weakening the case of the defendant in error; for the reason that it could not have misled the jury, inasmuch as the same witness proved the acts and declarations of the plaintiff in error, which clearly proves that he considered that he had been engaged for a specified time; thus bringing the case under the rule laid down in the cases cited above from the decisions of this court.

That this court will not reverse a case for an immaterial error, or one which does not work a prejudice to the party, has been repeatedly adjudged. The plaintiff in error cannot with reason complain of the charges of the court below, because they could scarcely have been put in terms more favorable to him.

PHELAN, J.—It is argued, that the evidence objected to was inadmissible under the plea of the general issue. The plaintiff declared on a special contract, to serve as pilot on a particular boat for a season, at certain wages; and also added the common counts for work and labor, &c. He introduced evidence tending to support his special contract. Now the evidence introduced by the defendant goes to show, that the contract was different from the special contract declared on, and that it was to serve on either one of two boats· as he should be required, and that, when required, plaintiff neglected or refused to serve on one of them. This was surely in strict keeping with his plea, "that he did not assume in manner and form as the plaintiff hath declared against him;" he was showing that he assumed in a *different* way. The testimony was entirely relevant and proper under the general issue.

There was a portion of the testimony which, if properly objected to, ought to have been excluded; that portion which speaks of a letter from the witness Cloudis, by authority of defendant, to Campbell, Owen & Co., instructing them to em-

ploy the plaintiff. It was not shown that any employment was ever contracted for pursuant to such letter, and this was reason enough to exclude that part of the testimony upon a proper motion to that effect. But the motion to exclude was made to all that went to show that plaintiff was employed to act as pilot as well on the Aberdeen as on the " *8th of January;*" and a general motion to that effect was properly overruled, for the reason, that the testimony to that point, as has just been shown, was relevant and proper.

In view of what has been already said, it is needless to go further, than to add, that the charges given by the court correctly set forth the principles of law applicable to the facts of the case.

There is no error in the record, and the judgment below is affirmed.