# Barney Coal Co. *v.* Davis.

## *Breach of Contract.*

(Decided June 6, 1911.  55 South. 1023.)

1. *Contracts; Breach; Preventing Performance; Pleading.*—Where the complaint alleges a contract by plaintiff to dig an entry and air course in defendant's mine, and that plaintiff was prevented by the defendant from completing the work, although he had up to that time complied with the contract and had since that time been ready to carry out the contract, and which demands damages for loss of profits it is demurrable because not alleging that plaintiff was ready and able to proceed with the contract at the time defendant stopped it.

2. *Same; Mutual and Dependent Covenants; Breach; Complaint.*— One seeking to recover for the breach of a contract containing mutual and dependent covenants, must aver and prove his own offer, readiness and ability to perform, and that the adversary party has refused or failed to perform on his part.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Action by N. W. Davis against the Barney Coal Company. From a judgment for, plaintiff, defendant appeals. Reversed and remanded.

The complaint was as follows: "Plaintiff claims of the defendant, the Barney Coal Company, a corporation, the sum of $1,200 damages, for the breach of an oral contract entered into by defendant, by its agents or servants, acting within the scope of their authority, on or about, to wit, the 23d day of March, 1907, by the terms of which contract defendant agreed with plaintiff to dig a slope or entry, and an aircourse in defendant's mine near Cordova, Ala., the slope or entry to have been dug 9 feet wide and 5 feet 3 inches high, and for this plaintiff was to have received $7.50 per yard. The aircourse was to have been driven 8 feet wide and as high as the coal, which was, to wit, 3 feet, and for

this plaintiff was to have received $3 per yard. Plaintiff avers that as a part of the contract he was to have worked in said slope or entry and aircourse under the terms of the contract until the defendant went to shipping coal from its said mine. Plaintiff further avers that the defendant went to shipping coal on, to wit, the 1st day of October, 1907. Plaintiff further avers that he went to work in said entry or slope and aircourse under said contract, and did the work according to the terms of the contract, but was prevented from further complying with the terms of the contract by reason of the defendant's breach of the contract, in this: That on or about, to wit, the 21st day of June, 1907, the defendant refused to let the plaintiff proceed further with the work on said contract, although up to this time plaintiff had complied with his part of the contract, and although plaintiff has since been ready and willing to carry out his part of the said contract; and plaintiff further avers that by reason of said defendant's breach of his contract as aforesaid he was caused to suffer damage, in that he lost his profits, which would have accrued to him had he been permitted to carry out said contract. Plaintiff further avers that he did and could have dug 2 yards per day in the slope or entry, for which, under the contract, he would have received $15, and that he did and could have dug 2 1-3 yards per day in the aircourse, for which, under the contract, he would have received $7, and that the total costs per day for doing this much work under the contract would have been $11, and that he could have made a profit of $1,104 under the terms of said contract, had he been allowed to continue the work under the contract, all of which he lost under defendant's breach of the contract as aforesaid." The demurrers set up the matter, discussed in the opinion, among other things.

[Barney Coal Co. v. Davis.]

L. D. GRAY, for appellant. Counsel discuss the complaint and insist that the court erred in overruling demurrers thereto, but cites no authority in support thereof. He insists that pleas 3, 4, and 5 were good and that the court erred in striking them.—*Petty v. Dill*, 53 Ala. 641; *Powell v. Crawford*, 110 Ala. 294; *Am. O. E. Co. v. Ryan*, 112 Ala. 346. Counsel discusses other pleas to which demurrers were sustained and charges refused, but without citation of authority.

J. D. ACUFF, and R. A. COONER, for appellee. Counsel discuss the assignments of error, and insist that some of them are not sufficiently briefed to require consideration, and that there is no merit in the others.

WALKER, P. J.—The original complaint in this case alleged that plaintiff entered into a contract with defendant to dig a slope or entry and aircourse in defendant's mine, and undertook to show a breach of the contract by the defendant by its refusal to let plaintiff proceed further with the work, whereby plaintiff was deprived of the opportunity of earning profits which, it was alleged, he could have realized if he had been permitted to contiue the work under the contract. The demurrer to the complaint suggested a deficiency in it, in that it failed to allege that, at the time the defendant refused to let plaintiff proceed further with the work, he was able, willing, and ready to carry out and perform his part of the contract.

It hardly is necessary to have recourse to the rule for construing a pleading most strongly against the pleader to read the averment of the complaint in this case as to the plaintiff's readiness and willingness to carry out his part of the contract sued on as showing no more than that at some time since the work was stopped by

the defendant there has been such readiness and willingness on the part of the plaintiff. That averment could be sustained by evidence showing no more than that, at some time subsequent to the date of defendant's refusal to let plaintiff proceed further with the work, and before the suit was brought, the plaintiff became ready and willing to carry out his part of the contract, though at the time the work was stopped he was not ready or able to proceed further with it. It was not a breach of the contract by the defendant to stop the work, if at the time it was done the plaintiff was not ready or able to proceed further with the work called for by the contract. In failing to show that such was the case, the complaint failed to show a breach by the defendant of the contract sued on.

A party, seeking to recover on the breach of a contract containing mutual and dependent covenants or stipulations, must aver and prove his own offer and readiness and ability to perform, and that the other party has failed to perform on his part.—*Sayre v. Wilson & Ingram*, 86 Ala. 151, 5 South. 157; *Union Refining Co. v. Barton*, 77 Ala. 148; *Raudabaugh v. Hart*, 61 Ohio St. 73, 55 N. E. 214, 76 Am. St. Rep. 361, and note; 3 Page on Contracts, § 1470. The ground of demurrer referred to pointed out wherein the complaint failed to show a breach by the defendant of the contract sued on, and the demurrer should have been sustained.

Reversed and remanded.