# Barney Coal Co. *v.* Davis.

*Assumpsit.*

(Decided June 10, 1913. 62 South. 985.)

1. *Contracts; Essentials; Certainty as to Time.*—An oral contract for work connected with a mine providing that the work was to continue until the owner began shipping from the mine, is capable of being rendered certain as to the date of its termination by proof of the date when the shipping was commenced, and hence, is not void for uncertainty.

2. *Pleading; Demurrer.*—A complaint is not demurrable because part of the damages claimed therein are not recoverable; the remedy being by motion to strike, objections to evidence, and requested charges.

3. *Appeal and Error; Assignment; Joint.*—One assignment of error to the sustaining of demurrers to four pleas is not sustained where the record shows that demurrers were not sustained to one of the pleas.

4. *Same.*—Rulings on demurrers to pleas will not be considered on appeal where no error is assigned to such ruling.

5. *Same; Waiver.*—Where an assignment of error is not discussed in brief or oral argument, it will be considered waived.

6. *Same; Harmless Error; Pleadings.*—Error in sustaining demurrer to special pleas is harmless where the defense therein set up is available under the general issue, which is pleaded.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by N. W. Davis against the Barney Coal Company, for breach of contract. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 2 is as follows: "Plaintiff claims of defendant, the Barney Coal Company, a corporation, the sum of $1,200, damages for the breach of an oral contract entered into by defendant, by its agents or servants, acting within the scope of their authority, on or about, to wit, the 23d day of March, 1907, by the terms of which contract defendant agreed with plaintiff for plaintiff to dig a slope or entry, and an air course in defendant's mine near Cordova, Ala. The slope or entry was to have been dug 9 feet wide and 5 feet, 3 inches high, and for this plaintiff was to have received $7.50 per yard. The air course was to have been dug or driven 8 feet wide and as high as the coal which was, to wit, 3 feet, and for this plaintiff was to have received $3 per yard. Plaintiff avers that as a part of the contract he was to have worked in said slope or entry and air course, under the terms of the said contract, until the defendant went to shipping coal from its said mine.

And plaintiff avers that the defendant went to shipping coal from its said mine on, to wit, the 1st day of October, 1907. Plaintiff avers that he went to work on said entry or slope and air course under said contract, and did the work according to the terms of the said contract, but was prevented from further complying with the terms of the said contract by reason of the defendant's breach of the said contract, in this: That on or about, to wit, the 21st day of June, 1907, the defendant refused to let the plaintiff proceed further with the work, under said contract, although up to said time plaintiff had complied with his part of said contract, and although at the time of the said breach of the contract the plaintiff offered to proceed thereunder, and was ready, able, and willing to so proceed with the work under said contract, and plaintiff further alleges that by reason of the defendant's breach of the contract as aforesaid he was caused to suffer damages, in that he lost the profits which would have accrued to him had he been permitted to carry out his part of the said contract. Plaintiff further alleges that he did and could have dug 2 yards per day in the slope or entry, for which under the contract he would have received $15 per day, and that he did and could have dug 2½ yards per day in the air course, for which under the contract he would have received $7, and that the total cost per day for doing this much work under the said contract would have been $11, and that he could have made a profit of $1,104, under the terms of said contract had he been allowed to continue work under the said contract, all of which he lost by reason of defendant's breach of the contract, as aforesaid."

The demurrers were that no mutual agreement is shown; no valid contract entered into between plaintiff and defendant; that the terms of the contract are in-

definitely averred, and the work to be performed indefinitely described; it is not sufficiently shown that defendant by and through its authorized agent contracted with the plaintiff to perform the work set out. It is void for uncertainty as to time and duration; terminable at the will of defendant for aught that appears; damages claimed are remote, speculative, and indefinite; no breach by defendant is shown; at the time of such alleged breach it is not shown that the plaintiff was in the act of performing his part of the contract, or that he was able, ready, and willing to perform, according to the terms.

The pleas are not necessary to be set out.

GRAY & JONES, for appellant. Counsel discuss the action of the court in overruling demurrers to the complaint, their insistence being that the contract set up was void for uncertainty, and that the damages claimed were not recoverable, but they cite no authority in support thereof. They insist that the court erred in sustaining plaintiff's motion to strike pleas 3, 4 and 5.— *Petty v. Dill,* 51 Ala. 641; *Powell v. Crawford,* 110 Ala. 294; *American O. E. Co. v. Ryan,* 112 Ala. 346. Counsel also discuss pleas 7 and 8, but without further citation of authority.

RAY & COONER, for appellee. The complaint was good and the court properly overruled demurrers as it was amended to meet the criticism of the court in *Barney Coal Co. v. Davis,* 1 Ala. App. 595. The things set up in defendant's plea were available under the general issues as pleaded.—4 Enc. P. & P. 944; *Lockridge v. Thompson,* 20 Ala. 828; 9 Cyc. 734. Where assignments of error are based jointly upon several rulings, each ruling must be error to sustain it.—*Wes. Ry. v. Arnett,* 137 Ala. 425; *Aetna L. I. Co. v. Laseter,* 153 Ala. 630.

PELHAM, J.—This appeal is on the record proper without a bill of exceptions, and is taken by the defendant in the court below, who insists on certain rulings of the trial court on the pleadings as erroneous. The case has been in this court on a prior appeal, and is reported as *Barney Coal Co. v. Davis,* 1 Ala. App. 595, 55 South. 1023. The judgment entries show that after the defendant's demurrers were by the court overruled, as to count No. 1 of the complaint, the plaintiff at a subsequent term of the court filed count No. 2, whereupon the defendant interposed demurrers to the complaint as amended. These demurrers were sustained as to count 1 and overruled as to count 2.

Count 2 (which will be set out by the reporter) sets up a verbal contract or agreement between the parties, whereby the plaintiff was to do certain work and labor for the defendant at a stipulated wage or price, based on the amount of work done in and about digging a slope or entry and driving an air course in defendant's coal mine. The allegations of this count set out the contract with sufficient certainty, and allege a readiness, willingness, and ability to perform, and that the defendant breached the contract by preventing a performance by the plaintiff at a time when the plaintiff offered to proceed under it, and was ready, willing, and able to do so. The contract declared upon was capable of being rendered certain as to its period of duration by showing the date the defendant actually did commence shipping coal. This date was alleged, and the contract declared on was made sufficiently definite and certain not to render it void for uncertainty.—*Foy & Bro. v. Dawkins et al.,* 138 Ala. 232, 35 South. 41.

The second count shows a good cause of action, and assigns a sufficient breach, and is not demurrable because of the fact (even if it be a fact) that part of the

damages claimed are not recoverable.—*Montgomery Mfg. Co. v. Thomas,* 20 Ala. 473; *Kennon v. Tel. Co.,* 92 Ala. 399, 9 South. 200; *Hayes v. Miller,* 150 Ala. 621, 43 South. 818, 11 L. R. A. (N. S.) 748, 124 Am. St. Rep. 93; *Woodstock Co. v. Stockdale,* 143 Ala. 550, 39 South. 335, 5 Ann. Cas. 578.

The judgment entries further show that after the defendant's demurrers were sustained to count 1 and overruled as to count 2 of the complaint, the defendant filed pleas Nos. 1, 2, 3, 4, and 5 and that the plaintiff interposed demurrers to pleas 3, 4, and 5 that were sustained by the court. The only assignment of error predicated upon these rulings is in the following language: "The trial court erred in sustaining plaintiff's demurrers to defendant's pleas Nos. 1, 3, 4, 5." It is not shown that the court sustained demurrers to plea No. 1, and as such a ruling is jointly made part of the basis of the error assigned, it cannot be said to be well taken, and must fail.—*Brent v. Baldwin,* 160 Ala. 635, 49 South. 343; *Aetna Life Ins. Co. v. Lasseter,* 153 Ala. 630, 45 South. 166, 15 L. R. A .(N. S.) 252.

Besides the ruling of the court in sustaining demurrers to these pleas is not discussed or insisted upon by counsel for appellant in brief filed, and is waived.— *Western Ry. of Ala. v. Russell,* 144 Ala. 142, 39 South. 311, 113 Am. St. Rep. 24; *Hodge v. Rambo,* 155 Ala. 175, 45 South. 678.

The matters set up in these pleas could have been introduced in evidence under the general issue (*Loughridge v. Thompson,* 20 Ala. 828), and no injury resulted from sustaining demurrers to them.

There is no assignment of error on the record as to the ruling on demurrers to pleas 7 and 8, and they cannot be considered.—*Birmingham Ry. Co. v. Hinton,* 158 Ala. 470, 48 South. 546.

[Decker v. Decker, et al.]

The record shows nothing as to the errors assigned and insisted upon, authorizing a reversal of the judgment appealed from, and an affirmance is ordered.

Affirmed.