[Greek-American Produce Company, et al. v. Pappas.]

# Greek-American Produce Company, *et al. v.* Pappas.

## *Assumpsit.*

(Decided November 11, 1913.  63 South. 799.)

1. *Sales; Breach by Seller; Action; Pleading.*—A complaint alleging that defendants employed plaintiff to manage and operate a restaurant at a stipulated compensation, agreeing to convey to him an undivided one-half in the same upon his paying certain indebtedness due them from a third person, stipulating that plaintiff should have the right to pay such indebtedness out of the monthly profits, that plaintiff took charge of the business, and managed it at a profit, and tendered and offered to pay the balance due on the indebtedness before the commencement of the suit, but that defendants breached said contract by discharging plaintiff, and excluding him from the business, and refusing to convey to him a half interest therein, was demurrable for not showing that plaintiff tendered performance within a reasonable time, or that at the time of his discharge, he was ready, willing and able to perform the duties required; it being the rule that a party seeking to recover on a contract containing mutual and dependent covenants is bound to allege and prove his offer, readiness and ability to perform, and that the other party breach the same.

2. *Same; Evidence.*—Where the action was for a breach of the agreement to convey a half interest in a restaurant, and plaintiff claimed that defendants, who were the creditors of the proprietor of the restaurant, made an agreement with the proprietor's consent that plaintiff should manage the property, and in case he succeeded in paying off the debt to defendant, he should receive a one-half interest, evidence that before the making of the agreement, the proprietor had made a bona fide sale to a third person, and that defendant's engaged plaintiff to act as manager for that purchaser, is admissible.

3. *Same; Performance; Time.*—Where two parties entered into a contract for one of them to manage a restaurant agreeing to convey to the manager a one-half interest therein upon the discharge by him of certain indebtedness due the other, such party had a reasonable time in which to perform his part of the obligation, and after having waited longer than a reasonable time cannot put the other in default by then tendering performance.

4. *Same; Action; Complaint.*—A complaint alleging that defendants agreed to sell plaintiff a half interest in a cafe, that plaintiff paid part of the purchase price, and tendered the remainder before suit brought but that defendants refused to convey, is demurrable, as not showing a compliance on the part of the plaintiff before he forfeited his right by a failure of performance.

5. *Partnership; Scope; Agreement.*—Where one member of a trading firm left the state, leaving others in charge of the business with authority to collect a debt due the firm by the proprietor of a restaurant which was secured by a mortgage, a contract made by the remaining partner with plaintiff whereby, with the consent of the mortgagor, plaintiff was to manage his restaurant, and in case he succeeded in paying off the debt, he was to receive a half interest in the business, is one within the scope of the partnership authority, and was binding on the absent partner.

6. *Appeal and Error; Harmless Error; Pleading.*—Where the verdict of the jury was that the plaintiff could take nothing except under the first and second counts of the complaint, erroneous ruling by the court on demurrers to the other counts was harmless.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Assumpsit by George Pappas against the Greek-American Produce Company and the individuals composing the firm. Judgment for plaintiff and defendants appeal. Reversed and remanded.

The first count sufficiently appears from the opinion. The amended second count is as follows: "Plaintiff claims of defendants the further sum of $5,000 as damages for that on, to wit, the 1st day of August, 1908, the defendants contracted and agreed with plaintiff to sell to him a half interest in the business of the Riverside Cafe, a business then and there being conducted in the city of Birmingham, Ala., together with the properties used in and about the said business of the said cafe. Plaintiff agreed to pay for said one-half interest the sum of $1,000 out of the profits of said business, and before this suit paid the sum of $450 of said purchase money, and tendered to defendant the balance of said purchase money, and has complied with said contract, or was ready and able to so comply, or tendered the said balance due, before this suit. Plaintiff avers that defendants have breached said contract, and have refused and still refuse to convey to plaintiff a half interest, or any other interest in said business, and the property

[Greek-American Produce Company, et al. v. Pappas.]

used in and about said business, and still refuses so to do, hence this suit."

JAMES A. MITCHELL, and SAMUEL B. STERN, for appellant. In actions for breach of contract, the averments in the complaint as to the contract must be definite and certain.—*Kennedy v. McDairmid,* 47 South. 792. Admissions by one partner are not admissible to prove that a transaction was made with the partnership or for the benefit of the partnership, unless the transaction is within the scope of the partnership business.—*Scott v. Dansby,* 12 Ala. 714; *Tuttle v. Cooper,* 22 Mass. (5 Pick.) 414; *Taft v. Church,* 162 Mass., 39 N. E. 283; *Atwood v. Brooks,* 16 S. W. 535; *Hickman v. Reineking,* 6 Blackf. (Ind.) 387; *Hahn v. St. Clair Sav. & Ins. Co.,* 50 Ill. 456; *Wells v. Turner,* 16 Md. 133; *Lockwood v. Beckwith,* 6 Mich. 168, 72 Am. D. 539; *Heffron v. Hanaford,* 40 Mich. 305; *Slipp v. Hartly,* 50 Minn. 118, 36 Am. St. R. 629; *Union Nat. Bk. v. Underhill,* 102 N. Y. 336; *McLeod v. Bullard,* 84 N. C. 515; *Hester v. Smith,* 5 Wyo. 291, 40 Pac. 310. One partner has no power to bind the firm or the other partners in any contract which is outside of or beyond the scope of the partnership business.—*Abraham v. Hall,* 59 Ala. 386; *McCrary v. Slaughter,* 58 Ala. 330; *Ala. Fertilizer Co. v. Reynolds,* 79 Ala. 497. Where a complaint, in an action for breach of contract, declares on a contract alleged to have been made by several persons jointly or by a partnership composed of several persons, there is a fatal variance if the proof shows that the contract sued on was made by only one of the defendants, and there is no proof that the other defendants are bound by the said contract.—*Lord v. Calhoun,* 50 South. Rep. 402; *Smythe v. Dothan Fdy. & Mch. Co.,* 52 South. 398; *Gamble v. Kellum,* 97 Ala. 677; *Garrison v. Hawkins Lum. Co.,*

111 Ala. 308; *Cobb v. Keith,* 110 Ala. 618; *Pointer v. Munn,* 117 Ala. 338.

ALLEN & BELL, and C. B. POWELL, for appellee. The contract was clearly within the scope of partnership authority.—30 Cyc. 487; *Bank v. Dickinson,* 107 Ala. 265; *Gillam v. Myrick,* 93 Ala. 536. The demurrers were frivolous and properly overruled.—*Touart v. Yellow P. L. Co.,* 128 Ala. 61; 22 Enc. P. & P. 638. The verdict was for plaintiff only on the first and second counts, and hence, any error as to rulings on the other counts were harmless.—*Handley v. Lawler,* 90 Ala. 527. Hence, if the first or second counts will support the verdict the judgment will be referred to those counts, and upheld. —*Bir. Co. v. Harden,* 156 Ala. 244.

WALKER, P. J.—The first count of the complaint as it was amended averred that the defendants employed the plaintiff to manage and operate a restaurant known as the Riverside Cafe at a stipulated compensation per month, and further agreed to convey to the plaintiff an undivided one-half interest in the property and business of said restaurant upon the plaintiff's paying or securing to be paid a stated indebtedness due to the defendants from a third party, it being stipulated that the plaintiff should have the right to pay such indebtedness out of the monthly profits of said business as managed by him, and that, for said considerations moving to him, the plaintiff agreed to take charge of said restaurant and manage the same on said terms, and did take charge of and manage the same at a profit, and did tender and offer to pay to the defendants the balance due on said indebtedness before the commencement of this suit. Following the above-mentioned averments, the count continued and concluded as follows: "The defendants have

breached said contract in this: That before the institution of this suit the defendants discharged the plaintiff as manager aforesaid, have excluded him from said restaurant business, and have refused to convey said property and business as to said half interest to the plaintiff, and still refuse to do so, all to his damage as aforesaid." The court overruled a demurrer to this count, which assigned the following, among other grounds:

"(7) It is not shown or averred that he did so tender and offer to pay said indebtedness before the alleged breach complained of.

"(8) It is not shown or averred whether he did tender and offer to pay said indebtedness within a reasonable time after the alleged contract was made.  *  *  *

"(10) It is not averred or shown whether or not the plaintiff fully complied with and performed all his obligations under said contract before this suit was brought, or before the alleged breach complained of."

We are of opinion that this demurrer should have been sustained. It is to be noted that the averments of the count do not in any way indicate when the alleged contract was made, how long the plaintiff managed the restaurant at a profit, or when the tender or offer was made to pay the balance due on the indebtedness mentioned, except that it was made before the suit was brought. The allegations of the count could have been sustained by proving the making of the contract as alleged; that the plaintiff took charge of the restaurant and managed it for a brief period at a profit; that when he was discharged he had already been employed as such manager for a long period, and had ceased to be willing, ready, or able to continue the performance of the duties of the position, and had then made no substantial payment on the indebtedness referred to, though he had

been allowed a reasonable time within which to make such payment; and that no offer or tender to pay the balance of said indebtedness was made until long after the plaintiff had ceased to perform his part of the contract, or to be ready or willing to do so. If the contract did not fix any period for which the plaintiff was to be employed as manager of the restaurant, or state within what time he could purchase and pay for the business, he was not entitled to continue as such manager so long as it suited him to do so, and he lost any right to acquire a half interest in the business unless his option on that interest was exercised within a reasonable time. The averments of the count do not show that when the plaintiff was discharged as manager of the restaurant he still had the right under the contract to be continued in that employment; nor do they show that when the defendants refused to convey to the plaintiff a half interest in the business the latter was still entitled, under the contract, to acquire that interest by paying the indebtedness mentioned. It is not made to appear by the averments of the count that the discharge of the plaintiff was a breach of the contract, as there was a failure to show, either that he was employed for any definite time, or that he continued ready and able to perform the duties of the employment; nor is it made to appear that the refusal of the defendants to convey to the plaintiff a half interest in the business was a breach of the contract, as there was a failure to show that such refusal occurred before the plaintiff ceased to perform his part of the contract, or to be ready or willing to do so. "A party, seeking to recover on the breach of a contract containing mutual and dependent covenants or stipulations, must aver and prove his own offer and readiness and ability to perform, and that the other party has failed to perform on his part."—*Barney Coal Co. v. Da-*

*vis*, 1 Ala. App. 595; 55 South. 1023; *Sayre v. Wilson & Ingram*, 86 Ala .151, 5 South. 157. The demurrer to the count in question sufficiently pointed out its failure to show a breach by the defendant of the contract sued on, and that demurrer should have been sustained.

The amended second count of the complaint also was subject to the demurrer interposed to it. Its averments that the plaintiff has "complied with said contract, or was ready, willing, and able to so comply, or tendered the said balance due before this suit," could have been supported by proof of either one of the alternatives, as that the plaintiff "tendered the said balance due before this suit," though at the time he made such tender he had forfeited all rights under the contract by failure of performance on his own part.

The verdict of the jury in finding in favor of the plaintiff specifically on the first and second counts of the complaint and the entry of judgment on that verdict prove that the plaintiff took nothing on any other count, and that in the end no injury resulted to the defendants from the action of the court in overruling the demurrer to any count other than the two recovered on. —*Handley, Reeves & Co. v. Lawley & Co.*, 90 Ala. 527, 8 South. 101. It follows that the appellants cannot be entitled to a reversal because of the overruling of demurrers to counts of the complaint upon which there was no recovery against them. If there was error in either of these rulings, it was error without injury to the appellants.

The judgment appealed from must be reversed because of the errors above pointed out. Numerous other rulings made in the course of the trial are assigned as errors. It is not deemed necessary to review those rulings in detail, as many of the questions raised may not be presented in another trial. Mention, however, will

be made of some questions that may be expected to be
presented in another trial, and especially of the propo-
sitions principally relied on to support the contention
that some or all of the defendants could not properly
have been held liable under any aspect of the evidence,
even though none of the counts of the complaint were
regarded as subject to the objections made to them by
demurrers.

It is contended by the counsel for the appellants that
there was an absence of any evidence tending to prove
that any such contract as the one alleged was made by
the defendant George Pappageorge, or by any one au-
thorized to bind him, and that it follows that there
could not properly have been a recovery against any of
the defendants, either the partnership or any of the in-
dividuals composing it, because of the failure to prove
the contract as alleged.   It is urged that a contract for
a sale of a restaurant was not within the scope of the
agency conferred by the existence of the partnership re-
lation upon each of the general partners composing the
firm known as the Greek-American Produce Company
which was formed and existed for the purpose of carry-
ing on the fruit and produce business only, and that
George Pappageorge, one of the members of that firm,
could not be held liable on such a contract, not within
the scope of the partnership business, made by one or
both of his partners while he was out of the country,
and which he neither authorized nor subsequently rati-
fied.   This insistence leaves out of view material fea-
tures of the following state of facts, which there was
evidence tending to prove:  For some time prior to the
transaction with the appellee, Pappas, the appellant the
Greek-American Produce Company had been a creditor
of one Govatos for a considerable amount, which was
secured by a mortgage of the restaurant property above

mentioned. No question is made as to that mortgage's securing an indebtedness which any member of the Greek-American Produce Company was authorized to collect for the firm. The defendant George Pappageorge himself, speaking of his two partners and their connection with that mortgage, testified: "They had the right to sell goods on credit and take mortgages. I suppose they had the right to settle the mortgage." Govatos was unsuccessful in the restaurant business, and unavailing efforts had been made to collect the debt secured by the mortgage. While the matter was in this shape the defendant George Pappageorge went to Europe, leaving the business in charge of the two remaining partners. While he was away, one of his partners, with the knowledge and consent of the other, and with the acquiescence and approval of the mortgagor, Govatos, made the contract with the plaintiff, Pappas, which is alleged in the first count of the complaint, and the latter took charge of the restaurant, and in the conduct of the business realized considerable profits, which were applied on the debt of Govatos to the Greek-American Produce Company. On the above-stated aspect of the evidence, the disposition made of the Greek-American Produce Company's interest in the restaurant property was but a method of collecting a debt which was due that firm. It was not a transaction outside of the scope of the partnership business, or beyond the authority of one of the general partners to enter into in behalf of his firm. .The results of the successful carrying out of the arrangement made would have been the collection by the mortgagees of the debt due to them, an exchange by the mortgagor of his entire ownership of the restaurant, burdened by a mortgage on it which he could not pay, for a half interest in that property, freed of any incumbrance, and the acquisition of the other half interest

by the third person whose services were availed of to secure such benefits to each of the parties to the mortgage. Certainly it cannot be said that the collection of the debt due to the firm was a matter beyond the scope of the partnership, or that either of the general partners was without an implied authority to adopt any method which was necessary or reasonably convenient or appropriate to accomplish this result. Having the authority to make the collection, the partnership was not limited to any particular mode of doing so. The method of making use of the security held by the firm which one of its members, in its behalf and with the acquiescence of the debtor, resorted to for the purpose of collecting the debt by providing for the proper management of the property held as security, was binding on the partnership, though the transaction was conducted by one partner only, without the knowledge or approval of one of his associates.—*National Bank of the Republic v. Dickinson,* 107 Ala. 265, 18 South. 144; *Ullman v. Myrick & Bowman,* 93 Ala. 532, 8 South. 410; 30 Cyc. 498, 500.

The evidence adduced in the trial was very conflicting, and much of that offered by the defendants tended to prove that the transaction with the appellee, Pappas, was wholly different from what the evidence offered by him tended to prove. The defendants undertook to prove that, before there was any transaction with Pappas, Govatos sold the restaurant to a person having no connection with the Greek-American Produce Company, that one of the members of that firm, who was a brother of the purchaser from Govatos, and also the person who had the dealings with Pappas, looked after the business for the purchaser of it, and for such purchaser employed Pappas to operate the restaurant, the latter being merely an employe on wages and having no contract

with any one for the acquisition of an interest in the property and business. The defendants were entitled to offer any evidence having a tendency to prove the nonexistence of the state of facts sought to be established by the evidence introduced by the plaintiff. If, before Pappas was employed in the restaurant, Govatos had sold it, subject to his mortgage to the Greek-American Produce Company, and executed a bill of sale to the purchaser, a stranger to the mortgagees, the latter, if for no other reason, were entitled to prove these facts because of their incompatibilty with Pappas' version of the transaction; and it was not proper to deprive them of the opportunity of proving the execution and delivery by Govatos to such purchaser of a bill of sale covering the restaurant property prior to the time at which the plaintiff claimed that he, as a result of a transaction in which Govatos acquiesced, acquired an option to purchase a half interest in the restaurant. The plaintiff himself having testified to circumstances tending to show that the nominal connection of the alleged prior purchaser from Govatos with the conduct of the restaurant while the plaintiff was employed as the manager of it was a mere device resorted to by the partner in the Greek-American Produce Company, who was acting in its behalf, for the purpose of concealing its connection with the operation of the business, the defendants were entitled to rebut this evidence by bringing out the real facts, and proving that the alleged sale by Govatos was not merely simulated, but was an actual and bona fide transaction. If the controversy between the parties shall in another trial be presented under issues made by appropriate pleadings, and such conflicting evidence as that offered in the trial which resulted in the judgment now under review shall again be adduced, the questions raised by such conflicting evidence will be for

the determination of the jury under appropriate instructions from the court.

Reversed and remanded.