## OFFUTT *vs.* WELLS.

[ACTION FOR DAMAGES FOR BREACH OF AGREEMENT.]

1. *Contract of sale; respective duties of vendor and vendee.*—A contract of sale is perfect, when all the terms are agreed upon by the parties, and they mutually bind themselves to perform their respective obligations imposed thereby, and if the article is contracted to be sold at a certain place, that, in the absence of any express stipulation in the contract, is the place of delivery ; and the vendor is not required to deliver the article sold, before payment, or an offer to pay the purchase-money, there being no express stipulation in the contract to the contrary.

2. *Same.*—If the vendor brings suit on such a contract before a delivery, in order to recover, he must prove an offer, or a readiness to deliver the thing sold, at the place, and within the time the contract stipulates ; and if the vendee brings suit to recover damages for a failure to deliver goods sold for cash, at the place, and within the time stipulated, or fixed by law, he must, in order to recover, prove that he paid, or offered to pay, the vendor the purchase-money, or give some good excuse for not making the offer.

APPEAL from the Circuit Court of Montgomery. Tried before Hon. GEORGE GOLDTHWAITE.

THIS action was brought by R. H. Offutt against J. H. & T. S. Wells, partners, and sought to recover damages for the breach of an agreement entered into between the parties. The suit was commenced by the suing out of an

attachment on the 9th November, 1861. The complaint was as follows : "The plaintiff claims of the defendants, merchants and copartners, &c., ten thousand dollars, for the breach of an agreement, entered into by the defendants with the plaintiff, on the 22d day of October, 1861, by which the defendants agreed to sell and deliver, and did sell to the plaintiff two thousand barrels of extra flour at eight dollars per barrel, out of a lot of flour then owned by the defendants at Etowah mills, in the State of Georgia. Now, the plaintiff avers that the defendants refused to comply with their said contract and agreement, and did wholly fail, neglect and refuse to let the plaintiff have the said flour, pursuant to said contract and agreement, and did wholly neglect, fail and refuse to ship or deliver said flour to the plaintiff. The common counts were added to the complaint.

On account of the charge of the court, the plaintiff was compelled to take a non-suit; that charge was, "that there being no evidence before the jury that plaintiff had offered to pay, or was able to pay for the flour before bringing this suit, they must find for defendant," and to this charge the plaintiff excepted, and appealed to this court, and assigns the charge as error.

WATTS & TROY, for appellant.
STONE, CLOPTON & CLANTON, *contra.*

BYRD, J.—Under the charge of the court, the question whether the evidence shows that the parties made a contract, does not arise. But admitting that a contract was made as shown by the evidence, the question is, was it incumbent on the appellant to prove that "he offered to pay, or was able to pay," before he brought suit ?

A contract of sale is perfect when all the terms are agreed upon by the parties, and they mutually bind themselves to perform their respective obligations imposed thereby. If an article is contracted to be sold at a certain place, that is the place of delivery, in the absence of any express stipulation in the contract; and in the absence of any express stipulation therein, the law does not impose

upon the vendor the duty of a delivery of the article sold, before payment of, or an offer to pay, the purchase-money. *Robbins v. Harrison*, 31 Ala. 160 ; Long on Sales, (Rand's Ed.) 450, 452.

If the vendor brings suit on the contract before a delivery, in order to recover, he must prove an offer, or a readiness to deliver the thing sold at the place and within the time the contract stipulated,—*Davis v. Adams*, 18 Ala. 264.

So on the other hand, if the vendee brings suit to recover damages for a failure to deliver goods sold for cash, at the place and within the time stipulated or fixed by law, he must prove that he paid, or offered to pay, the vendor the purchase-money, or some good excuse for not making the offer, to entitle him to a recovery.

In this case, the court below instructs "the jury that there being no evidence before them, that plaintiff had offered to pay, or was able to pay for the flour before bringing this suit, they must find for the defendant."

All the evidence introduced on the trial, it is evident from the record, is not set out therein. But, upon the evidence set out, we can see no error in the charge given. The views expressed, and our conclusion, are sustainable upon the authorities cited, and the following : *Steamer Thompson v. Lewis & Co.*, 31 Ala. 498 ; Long on Sales, pp. 446 to 453 ; 1 Pars. on Con. 534–35 ; Chitty on Con. 374–5, 426 ; *Wayne v. Billingslèa*, 3 Ala. Rep. 679 ; *West v. Emmons*, 5 John, 179.

The words used by the court in the charge, "or was able to pay," were as favorable to appellant as the law authorized.

It results that the judgment of the court below must be affirmed.

JUDGE, J. not sitting.