# Teague *v.* Wade.

### *Vendor's Lien.*

1. *A bill is not demurrable because it fails to allege the vendor had a good title.*—A bill to enforce a vendor's lien, which avers that the defendant entered into and retains possession of the land under the contract of purchase, and that he accepted the vendor's bond conditioned to make title upon payment of the purchase-money, and that it is due and unpaid, is not demurrable because it does not allege that the vendor had a good title.

2. *It is sufficient if the vendor have a title when the vendee can demand a deed of conveyance.*—When the vendee knew the condition of the title at the time of his purchase, and that his vendor had not fully paid for the land, any charge or presumption of fraud based on that ground, will be repelled. It is sufficient if the vendor have title when the vendee is in condition to demand a deed of conveyance.

APPEAL from the Chancery Court of Cherokee.
Heard before the Hon. N. S. GRAHAM.
The facts are stated in the opinion.

M. J. TURNLEY, and CLOPTON, HERBERT & CHAMBERS, for appellant.

J. B. WALDEN, for appellee.—1. This is a bill to enforce a vendor's lien. The answer of the respondent, in the nature of a cross-bill, shows his knowledge at the time of his purchase of existing incumbrances on the land, and in his deposition he admits notice of defects in the title of the vendor before the sale was completed. The respondent is not entitled to the relief asked.—3 Stew. 233; 8 Ala. 373; 7 Ala. 71.

2. The record does not show that the money was paid into court; nor does the ability of respondent certainly to pay appear from the evidence.—12 Ala. 37.

STONE, J.—The present is a bill to enforce a vendor's lien. It avers that complainant sold the land in controversy to defendant, gave him bond to make him title when the purchase-money, nine hundred dollars, was paid, and put him in possession of the lands—and that he still remains in possession. It then avers that Teague, the defendant, had paid only thirteen dollars of the purchase-money, although three years had elapsed between the making of the contract and the filing of the bill, and the three installments of the purchase-money were all past due. The bill contains no averment that the vendor had a good title, and the absence of this averment is assigned as a ground of demurrer.

In the case of *McLeroy v. Tulate,* 34 Ala. 78, a bill to recover purchase-money by enforcing the vendor's lien, it was ruled to be necessary to aver that the vendor was able, ready and willing to make full performance of the conditions of the contract on his part. But that decision was rested on the peculiar stipulations of the contract of sale and purchase. It was an agreement to sell at a future time, at an agreed price—the payment and conveyance to be cotemporaneous— and was signed by both parties. This court ruled that the covenants were dependent, and that to maintain a suit by either, he must aver performance, or an offer to perform, or an ability and willingness to perform his part of the contract. Such, however, is not the rule in ordinary suits to enforce a vendor's lien. In most of our decisions on this question, the bills contained no such averments.

In *May v. Lewis,* 22 Ala. 646, this court, speaking of the essential averments in a bill like the present one, said: " Here the allegations of the bill show the contract for the sale of the lands ; that the vendor retained the title in himself, as security for the purchase-money; that the purchase-money is due, and the purchasers in default. These facts are all which are necessary to authorize a court of chancery to enforce a vendor's lien on land for the purchase-money."—See also *Haley v. Bennett,* 5 Por. 452; *Chapman v. Chunn,* 5 Ala. 397; *McLemore v. Mabson,* 20 Ala. 137.

Another principle should not be overlooked in this case. It is averred and proved, that when Teague purchased, he knew the condition of the title, and that part of the purchase-money due from his vendor, Wade, remained unpaid. This repels all imputation of fraud, if any were charged. In such case, it is enough if vendor have title, when the purchaser puts himself in condition to demand a conveyance.—*Harris*

[Commissioners Court of Lowndes Co. v. Hearne.]

*v. Carter*, 3 Stew. 233; *Beck v. Simmons*, 7 Ala. 71; *Barnett v. Gaines*, 8 Ala. 373.

The averments of the present bill are sufficient, and the demurrer was rightly overruled.

It is averred in defence of this suit that the vendor's title to a part of the land is insufficient, and that he is unable to respond in damages. The land, as to which this defence is attempted, is the south-west quarter of section sixteen. We know, as matter of law, that the sections numbered sixteen, with some exceptions founded on special reasons, were originally school lands, the title to which was in the State, as a trustee to carry out the purposes of the grant. The title to this particular tract seems never to have passed out of the State by grant. We think, however, there was a failure to prove that the purchase-money is unpaid; and, under the facts of this case, we do not feel justified in finding that any of the purchase-money remains unpaid. The note for the purchase-money was put in judgment in the spring of 1866. Two executions appear to have been issued; the last, November 23d, 1866. This was returned January 7th, 1867, with a partial credit indorsed; and from that time to the present, there does not appear to have been any attempt made to enforce the collection of the judgment, or to disturb any one in the possession and enjoyment of the land. Add to this the testimony of Bradford, corroborative of the presumption of payment, and we think the chancellor rightly ruled that the defence was not made out.

Decree affirmed.