# Dicks *v.* Belsher.

### *Action for Damages for Breach of Contract.*

1. *Executory contract—what not an abandonment of right to damages.* Under an executory contract of sale, the option being reserved to the purchaser, when the first installment of purchase-money falls due, to treat the contract as a lease, pay rent for the year, and restore the possession of the premises in as good condition as when received; the acceptance of rent and the possession by the vendor is not an abandonment of his claim to damages on account of the failure to restore the premises in as good condition as when received.

2. *When plea may be struck from file.*—When a plea is substantially defective, it may be struck from the files on motion, without putting the plaintiff to his demurrer.

APPEAL from Choctaw Circuit Court.

Tried before the Hon. W. E. CLARKE.

This was an action for damages commenced by L. L. Belsher, against Freeman T. Dicks, for an alleged breach of a written agreement made by the defendant, with plaintiff, on the 6th day of December, 1883. The plaintiff claimed that under said agreement he had put defendant into possession of a certain tract of land lying in Clarke county, with the improvements thereon, the property of plaintiff, under circumstances and upon terms which are set forth in the opinion of the court; that, during the tenancy of the premises by defendant, the improvements thereon were destroyed by fire, and that, though it was the duty of defendant, under said agreement, to restore, or to pay for the same, he refused, upon demand, to do so. It appeared that in the exercise of the option reserved by him in said agreement, the defendant had restored the place to the plaintiff, paying him rent therefor. The defendant demurred

[Dicks v. Belsher.]

to the complaint as filed, on the ground, first, that under said contract the remedy of the plaintiff was to refuse the payment of rent, and the return to him of the possession of the place; second, that the contract only authorized plaintiff to refuse the reception of rent and return of possession of the premises. These demurrers were overruled, and the defendant excepted. The defendant filed the following pleas: 1. "And the said defendant, by his attorney, further says that sometime during the month of June, 1884, he and the plaintiff made and entered into another contract in reference to the land and premises described in the complaint, to the effect that said defendant return the said land and premises, and be released from said contract set up in said complaint, and defendant to hold the said land and premises under a contract for rent then made; and defendant avers that pursuant to said agreement, he turned over to plaintiff the aforesaid land and premises, and he so accepted them at that time, and of this defendant puts himself upon the country. 2. And the defendant further says that in pursuance of the stipulations contained in the contract set out in plaintiff's complaint, he elected, on or before the first day of December, 1884, to pay the sum of two hundred dollars as rent for said year on said premises, and return possession of the same to said L. L. Belsher, the plaintiff; and defendant avers that said Belsher received the payment of the said two hundred dollars as rent, and the possession of said premises, and now has possession of the same—and of this defendant puts himself upon the country." The plaintiff moved to strike the latter plea from the file, because it did not answer the complaint, which motion was granted by the court, and defendant excepted, and assigns as error the action of the court in overruling the demurrers, and striking the plea of the defendant from the file.

W. F. GLOVER, for appellant.

TAYLOR & ELMORE, contra.

STONE, C. J.—The agreement of December 6, 1883, between Belsher and Dicks, is an executory contract of sale and purchase of real estate, the purchase-money to be paid in five annual installments, the first to be paid December 1, 1884, and title to be made on complete payment. Dicks was to take immediate possession, and to pay the accruing taxes on the land purchased. The agreement contains this clause: "It is mutually agreed, that if on the 1st day of December, 1884, the said F. T. Dicks shall so choose, he may, in lieu of making the said payment, pay the sum of two hundred dollars as rent for 1884,

[Dicks v. Belsher.]

the said F. T. Dicks then returning possession of said land to the said L. L. Belsher without the payment of any taxes thereon, and the place and improvements being returned in as good condition as now found, accidents of God excepted." This, then, was a contract of purchase by Dicks, with the option reserved to him of converting it into a leasehold estate.—*Collins v. Whigham*, 58 Ala. 438; *Wilkinson v. Roper*, 74 Ala. 140. The contract was signed by both parties. The present suit was brought on said contract, and the breach alleged is in the following language: "The defendant has failed, and though often requested so to do, still fails and refuses to comply with the following provisions thereof, to-wit: After having taken possession of said lands and improvements under said contract, and elected to pay rent for the year 1884, as therein provided, and paid said rent as stipulated therein, he has not returned the place and improvements in as good condition, accidents of God excepted, as it was when said contract was made, and when he took possession thereof, in this: That the dwelling house, kitchen and dining room and office, and an ice house and bath house, all of which were on the premises when the contract was made, and when he went into possession, were burned by fire during his tenancy during the year 1884; and the defendant, though requested so to do, has failed and refuses to rebuild said dwelling house and outhouses above mentioned, to the damage," &c. There was a demurrer to the complaint, the point of which is, that by receiving rent, and receiving back the possession of the premises, the plaintiff had disabled himself to sue for the failure to return the place and improvements in the same condition as when received, the acts of God excepted. The demurrer was overruled. Defendant then pleaded the same facts in bar of the action. This plea, on motion of plaintiff, was stricken out by the court, because it was no answer to the complaint. These rulings, presenting substantially but one question, are the alleged errors complained of. It is not the law that the acceptance of the performance of one service or duty when two are due, is an abandonment of all claim of damages for the service not performed.—*Robinson v. Bullock*, 66 Ala. 548. The plea being fatally defective in substance, the court did not err in striking it from the file, without putting the plaintiff to his demurrer. .

Affirmed.