# Terrell v. Nelson, et al.

## Assumpsit.

(Decided May 30, 1912. 58 South. 989.)

1. *Pleading; Complaint; Demurrer.*—Where a complaint states a cause of action for nominal damages, and also a claim for non-recoverable damages, such defect cannot be reached by demurrer, but may be reached by motion to strike, objections to evidence and requests for special instructions.

2. *Contract; Breach; Action by Seller.*—A complaint for a breach of contract for a failure of a purchaser to buy stone is insufficient if it fails to aver either the ability, readiness or willingness of plaintiff to furnish the stone within the time required by the contract, or that the stone had been delivered thereto.

3. *Same; Rights of Seller.*—Where the buyers of stone notified the seller that they would not receive or purchase it, and this was done within the time in which delivery was to be made, the seller was excused from delivery as a condition precedent to recovery on a breach of contract.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by A. J. Terrell against Frank Nelson, Jr., and another, for a breach of contract to purchase stone.

Judgment for defendants and plaintiff appeals. Affirmed.

The first count charges a contract alleged to have been made by defendants with plaintiff, by which the defendants, for value received, promised to purchase and receive from plaintiff, at $1 per cubic yard, all the stone that might be necessary to complete the construction of lock 3 on the Tombigbee river, to wit, 20,000 cubic yards, said stone to be delivered by plaintiff on defendants' barges on the Warrior river, in Tuscaloosa county, Ala.; and plaintiff avers that defendants breached said contract in this: That, before plaintiff was ready to begin the delivery of such stone, defendants notified plaintiff that they would not receive same, and plaintiff thereby lost the profit which he had expected to make, and might have made, in furnishing same, and sustained other damages. The second count alleges the contract of same as count 1, but alleges the breach as follows: "That defendants failed and refused to receive or purchase said stone, or any part thereof, to plaintiff's damage as aforesaid, including the profits he might have made." The third count alleges the contract to be that the defendants promised to purchase and receive from plaintiff, at $1 per cubic yard, all the stone for work upon lock 3 on the Tombigbee river that could be quarried and loaded on defendants' barges in time for transportation during the boating season on said river of the spring and summer of 1910, the quantity thereof not to be less than 8,000 cubic yards, and not more than 10,000 cubic yards, the stone to be delivered by plaintiff on defendants' barges on the Warrior river in Tuscaloosa county, Ala.; and plaintiff avers that said defendants breached said contract in this: That, before plaintiff was ready to begin delivering said stone, defendants notified plaintiff they would

not receive same, and declined to comply with said contract, and plaintiff thereby lost the profits, etc. The fourth count charges the contract as in count 3, with an additional contract that 10,000 cubic yards of stone should be quarried and piled on the banks of said river, to be delivered on defendants' barges during the succeeding boating season in 1911, making a total of 20,000 cubic yards to be delivered, but that, before plaintiff was ready to deliver same, defendants canceled their contract, whereby plaintiff lost profits, etc. The demurrers take the points discussed in the opinion.

GEORGE HUDDLESTON, for appellant. The complaint was good as a complaint for nominal damages at least, and the fact that it counted on non-recoverable damages could not be raised by demurrer.—*Gooden v. Moses,* 99 Ala. 230; *Treadwell v. Tillis,* 108 Ala. 262. The court erred in sustaining demurrer No. 2 to the complaint. —*Hunt v. Test,* 8 Ala. 713; *Union Co. v. Barton,* 77 Ala. 148; 9 Cyc. 688. The law does not favor but leans against the destruction of contracts because of uncertainty.—*Robinson v. Bullock,* 58 Ala. 618.

Z. T. RUDOLPH, for appellee. No brief reached the Reporter.

ANDERSON, J.—It has been repeatedly held by this court that if a complaint avers a contract between the plaintiff and defendant, and a breach by the defendant, the plaintiff is entitled to recover at least nominal damages. If the complaint states a cause of action, and shows a right to recover nominal damages, but also contains a claim for nonrecoverable damages, the point that it claims nonrecoverable damages cannot be tested by a demurrer, but should be raised by motion to strike, objections to the evidence, or special instruc-

tions to the jury.—*Treadwell v. Tillis*, 108 Ala. 262, 18 South. 886.

The breach charged in the second count of the complaint was a refusal of the defendants to receive or purchase the stone; but said count fails to aver an ability, readiness, or willingness on the part of the plaintiff to furnish the stone within the time required by the contract, or that the stone was delivered thereunder. He who seeks to recover for the breach of a contract must aver an ability, readiness, or willingness to comply with same, or a legal excuse for not doing so; that is to say, he must negative a previous breach on his own part. Counts 1, 3, and 4, do not charge a refusal to receive the stone, but set up a repudiation by the defendants, in that they notified the plaintiff, before he was ready to deliver said stone, that they would not receive or purchase same. It is, no doubt, a sound proposition of law that if the defendant notified the plaintiff that they would not receive or purchase the stone in case he delivered it, and this was done within the time he had to deliver under the terms of the contract, he (the plaintiff) would have the right to rely upon the defendants' first breach, and would be excused from delivering the stone as a condition precedent to a recovery.—9 Cyc. 688. In order, however, for the defendants' notification that they would not receive or purchase the stone to operate as such a breach on their part as would relieve the plaintiff of any further attempt to comply with said contract, the notification must have been made when the obligation to receive the stone existed. In other words, for aught that appears from the complaint, the defendants' notification may have been made after the expiration of the time within which the stone was to have been delivered, and after the plaintiff was in default in this respect, and the de

fendants had the right to notify the plaintiff that they would not take the stone, if he had made default as to the time of delivery. The complaint avers that the notification was given the plaintiff before he was "ready" to deliver the stone, but does not charge that it was given during the time within which he had to deliver the same, and does not, therefore, negative a previous breach of the contract by the plaintiff. The plaintiff may not have been ready to deliver the stone until after the expiration of the time within which he could do so. Each count of the complaint was subject to the defendants' second ground of demurrer, and which was properly sustained by the trial court.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur.