[Moss v. King, et al.]

# Moss v. King, *et al.*

### *Assumpsit.*

(Decided April 23, 1914. 65 South. 180.)

1. *Pleading; Demurrer; Construction.*—Upon an apt demurrer addressed to pleading, the language of the pleading is construed most strongly against the pleader.

2. *Appeal and Error; Review; Matters Presented.*—Where a party voluntarily strikes a count from his complaint, he eliminates from consideration on his appeal all rulings of the trial court relating exclusively to that count, and nothing thereon is presented for review.

3. *Vendor and Purchaser; Breach; Terms.*—Where the action was by a vendor for the purchaser's breach of the contract to purchase, an allegation that the purchaser stipulated his own terms in his offer. which had been accepted by the vendor, was subject to the demurrer on the ground of a failure to set out such terms either in words or substance.

4. *Same; Willingnes to Conform.*—Where the complaint failed to allege that the vendor himself was ready, willing and able to comply with the terms of the contract, it was demurrable; the same rule of pleading and proof obtains in courts of chancery, but such allegation is unnecessary where it is further alleged that the purchaser has entirely repudiated the contract without giving the vendor a reasonable opportunity to comply with his obligations under the same.

5. *Same; Damages; Condition Precedent; Tender.*—Where a contract for the sale of land makes the conveyance and the payment of the purchase money concurrent and dependent acts, neither party can bring an action against the other without actual or tendered performance, or readiness, willingness and ability to perform; where one party has repudiated, however, the other need not show his readiness and ability to perform.

6. *Same; Tender of Deed; Pleading.*—Where the conveyance and payment of the purchase price were made concurrent and dependent acts, a complaint for damages for breach must ordinarily allege tender of the deed, and ordinarily, it is not sufficient merely to allege a readiness and willingness to convey, unless other facts are alleged, such as the repudiation of the contract by the purchaser. or a refusal to accept a deed, which would render the tender unnecessary; but even where a tender of performance is unnecessary, it is yet necessary to allege an ability and readiness to perform or that the ability to perform would have been presented but for some act of the purchaser.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Nathaniel P. Moss against J. H. King and another.  Judgment for defendants, and plaintiff appeals.  Affirmed.

Count 1 is as follows: "Plaintiff claims of defendants the sum of $10,000 as damages for the breach of an agreement entered into by and between plaintiff and defendants on April 6, 1912, the substance of which agreement was as follows: In the evening of the day aforesaid, defendants made a written offer to buy from plaintiff that certain real estate located in the city and county of Mobile, Ala., on the north side of Dauphin street, between Jackson and Joachim streets, and known as the Crown Theater, for the sum of $44,000.  In and by said agreement defendants stipulated their own terms, and on said evening of said day the plaintiff made a written acceptance of said offer, and plaintiff avers that, although plaintiff is ready, able, and willing to perform his part of said agreement thus made, defendants have wholly failed and refused to perform and have denied their liability under said contract, all to plaintiff's damage."

Demurrers were sustained as to this count, and overruled as to count 2.  A number of pleas were filed to count 2, and demurrers interposed to each of them, and, as a result of the court's rulings, there finally remained some half dozen special pleas to which plaintiff's replications were overruled.  Plaintiff afterwards amended complaint by the addition of count 3, as follows: "Plaintiff claims of defendants the said sum of $10,000 as damages for the breach of an agreement which was dated April 5, 1912, but actually executed on the night of April 6, 1912, which agreement was entered into by and between plaintiff and defendants, on April 6, 1912, and which was in words and figures as follows: "Mobile, Ala., April 5, 1912.  Mr. N. P. Moss, Mobile, Ala.  Dear

[Moss v. King, et al.]

Sir: We offer you for that certain property known as the Crown Theatre, now occupied by us as a moving picture theater in the city of Mobile, Alabama, together with the ground upon which it is located; that is to say, the real estate left you by the will of Mrs. Blanche C. Turner, and known as the Crown Theater, the sum of $44,000, under the following conditions, viz.: (1) That all incumbrances are to be removed from said property, that the title is to be safe, that all taxes to date are to be paid by you, and that you are to give us a title free from claims of all persons. (2) That we are to pay you not exceeding $9,000 in cash, and the balance as hereinafter shown, payable either quarterly or semiannually, as we may decide at the time you are ready to execute the deed. (3) That the deferred payments are to be as follows: As much as $3,600 a year for the full time until the full balance is paid. The deferred payments are to bear interest at not more than the rate of 4 per cent. per annum the first two years and 5 per cent. thereafter, and we are to have the privilege of making any or all of said payments, as we may elect, at any interest period, thus stopping the running of interest upon the part of the money so paid, whether it be a fraction of the total indebtedness or the whole thereof. If interest cannot be paid during any year, but the principal of such year is paid, the interest may run till the next year. (4) Instead of taking a mortgage, you to execute a deed and retain a vendor's lien to secure notes for principal and interest, covering the future payments. (5) To make the matter perfectly clear as to payments, our payments are at no time to exceed $3,600 a year, and interest, unless we see fit to pay more under the option and privilege hereinbefore stated. (6) In the event that we find it necessary to enlarge our space, we are to have the privilege of making any change in the walls of the

building that we may find convenient, but, in so doing, we would agree to keep the building in as strong condition as it is at this time, by proper beams, pillars, etc., all of such changes to be made by us under the supervision of a competent architect. It may be necessary for us to annex buildings on either side of us, and we would therefore have to remove portions of walls for the purpose of doing this. (7) We are to have 60 days, if needed, after the maturity of any note, to pay the same, and, as long as the principal notes are thus met, there is to be no foreclosure on account of interest, but the interest is to be evidenced by notes, if not promptly paid, such notes to be a part of the debt secured by vendor's lien. The beginning of time to be computed from May 1, 1912. C. B. King, J. H. King, N. P. Moss. Accepted. Witnesses: John W. McAlpine, Ed J. Grove.' And plaintiff avers that, without giving him a reasonable opportunity in which to perform his part of the said agreement, the defendants, within two days after the execution of the said agreement, wrote to the plaintiff announcing their withdrawal from the said agreement, and, within a day or two after the said written announcement of their withdrawal was received by plaintiff, the defendants stated that they would not be bound by said agreement, that they would not purchase the property under the terms of said agreement, and that they would not recognize any liability thereunder. And plaintiff avers that in announcing their said attempted withdrawal from said agreement defendants did not therein make any objection to the title of the property or to the incumbrances thereof. The plaintiff demands trial by jury."

Demurrers to this count were sustained December 17, 1912, whereupon the judgment entry recites as follows: "And upon motion of plaintiff it is ordered and adjudg-

ed by the court that plaintiff be and is hereby granted leave to strike out count 2 of complaint. And now, the plaintiff in open court declining to plead further because of the adverse rulings of the court on the pleadings, judgment final is rendered by the court for defendants. It is therefore ordered and adjudged," etc. The memorandum docket entry recites: "Plaintiff strikes out second count of complaint and declines to plead further," etc.

Several assignments of error are based on the adverse rulings of the court on pleas, demurrers, and replications relating to count 2. Assignments 1 and 9 are respectively based on the sustaining of demurrers to counts 1 and 3.

WEBB & McALPINE, for appellant. An offer in the absence of anything to show the contrary impliedly authorizes the acceptance by the same means which brought the offer.—Clark on Contracts, 42; 21 Am. Dec. 372; 9 Cyc. 273 and cases cited. The acceptance by plaintiff without qualification of the offer of defendant constituted a mutual consent to the same thing at the same time—in this case, on Saturday night, and not on Sunday—Pollack on Contracts, 31; 9 Cyc. 260; 39 Cyc. 1203. Plaintiff was justified in treating the contract as ended by the actions of the purchaser.— *Drake v. Goree,* 22 Ala. 409; Bishop on Contracts 1428. Counsel discuss other assignments of eror, but without citation of authority.

GREGORY L. & H. T. SMITH, and BOYLES & KOHN, for appellant. The first count fails to set out in words or in substance the contract alleged.—*Davis v. Campbell,* 3 Stew. 319; *Newton v. Brooks,* 134 Ala. 272; *Malone B. M. Co. v. Greer,* 169 Ala. 543. Neither party can

complain of the default of the other without alleging that they themselves were ready and willing to perform.—*Berry v. Nall,* 54 Ala. 446; *Ragland v. Wood,* 71 Ala. 145. The execution of a conveyance by the seller was a condition precedent to a right to have the purchase money.—*Whitehurst v. Boyd,* 8 Ala. 381. An acceptance must be communicated to the other party to be binding on him.—9 Cyc. 446. On these same authorities the demurrers to the third count were properly sustained.—*Linn v. McLean,* 80 Ala. 360. In order to be valid a contract must afford a certain definite measure of damages in case of its breach.—*Keenan v. Lindsey,* 127 Ala. 273; *Patt v. Gerst,* 149 Ala. 287. The second count was eliminated by plaintiff, and no questions arise on the appeal.

SOMERVILLE, J.—By voluntarily striking count 2 from his complaint, plaintiff unquestionably eliminated from consideration on this appeal all rulings of the trial court on the pleadings relating exclusively to that count, however erroneous they may have been.

It remains to consider only the merit of counts 1 and 3, to which the demurrers of defendants were sustained.

While count 1 alleges an agreement consisting of an offer by defendants to purchase certain real estate and a written acceptance "made by plaintiff," it alleges that defendants "stipulated their own terms in and by said agreement," and it wholly fails to set out said terms either in words or in substance. The demurrer pointed out this defect, and was properly sustained.—*Davis v. Campbell,* 3 Stew. 319; *Pharr v. Bachelor,* 3 Ala. 237, 244; *Elmore v. Parrish,* 170 Ala. 499, 54 South. 203; *Ensley v. Hollingsworth,* 170 Ala. 396, 54 South. 95, Ann. Cas. 1912D, 652; *Armour Co. v. Vietch Co.,* 39

[Moss v. King, et al.]

South. 680; *Mansfield v. Morgan,* 140 Ala. 567, 37 South. 393; Code, § 5382, subd. 8; 9 Cyc. 713.

Construing the language of the count most strongly against the pleader, as must be done on apt demurrer, we think it was defective in this particular, and one of the grounds of the demurrer so charged.

Count 3 sets out the written contract in extenso, and for breach alleges that within two days after its execution defendants wrote to plaintiff announcing their withdrawal from the agreement, and a day or two thereafter stated to him that they would not purchase the property, would not be bound by the agreement, and would not recognize any liability thereunder.

The demurrer points out the failure of this count to allege that plaintiff was himself "ready, willing, and able to comply with the terms of said contract."

"In contracts for the sale of land,. the conveyance of the estate and the payment of the purchase money are in general concurrent acts and the promises dependent, whether a particular day be appointed for completion or not; and readiness and willingness to perform on either side is a condition precedent to liability to perform on the other."—9 Cyc. 645; *Brady v. Green,* 159 Ala. 482, 48 South. 807.

Hence it is universally held, that, in an action by either party for the breach of a dependent covenant, he cannot proceed against the other without either actual or tendered performance, or a readiness and ability to perform; and an allegation to that effect must be made in the declaration, and it must be supported by proof.— *McGehee v. Hill,* 4 Port. 170 (5), 29 Am. Dec. 277; *Jones v. Powell,* 15 Ala. 824; *Davis v. Adams,* 18 Ala. 264, 366; *Elliott v. Howison,* 146 Ala. 568, 583, 40 South. 1018; *Brady v. Green,* 159 Ala. 482, 48 South. 807; *Terrell v. Nelson,* 177 Ala. 596, 58 South. 989. And

the same rule of pleading and proof obtains in courts of chancery.—*McKleroy v. Tulane,* 34 Ala. 78; *Teague v. Wade,* 59 Ala. 369, 370; *Linn v. McLean,* 80 Ala. 360 (6); *Davis v. Smith,* 88 Ala. 496 (3), 7 South. 159.

It is the theory of plaintiff, however, that the allegation of defendants' complete repudiation of the contract, without giving plaintiff a reasonable opportunity to comply with his obligations thereunder, dispenses with the otherwise necessary allegation of plaintiff's readiness and ability to perform.

It is doubtless true that the allegation here relied on does render unnecessary the allegation that plaintiff has performed his part of the contract or actually offered to perform it, but the authorities relied on by plaintiff's counsel go no further than this.—*Drake v. Goree,* 22 Ala. 409; Bish. on Contracts, p. 1428. See, also, 39 Cyc. 1542 (C), 1562 (C) and 1987.

But we are aware of no authority which holds that the plaintiff need not show his readiness and ability to perform, even when the defendant has repudiated the contract. On the contrary, affirmative authority is not lacking.

In an action for damages for breach of an agreement to sell and deliver flour, with the allegation that the defendant refused to comply with his contract and refused to ship the flour, an instruction to the jury that, "there being no evidence before them that plaintiff had offered to pay, or was able to pay, for the flour, before bringing this suit, they must find for the defendant," was held correct.—*Offutt v. Wells,* 42 Ala. 199, 200. There was no objection to the complaint for omitting the allegation of ability to perform, but proof of it was held essential. See, also, *Terrell v. Nelson,* 177 Ala. 596, 58 South. 989.

So, in the case of *Barney Coal Co. v. Davis*, 1 Ala. App. 595, 55 South. 1023, in an opinion by WALKER, P. J., it was held that the complaint was deficient in not showing that the plaintiff was ready and willing to go on with the work contracted· for at the time the defendant compelled him to desist from its performance.

In 39 Cyc. 1987, the rule as to complaints in actions by a vendor for breach of a contract of sale is thus stated: "If the conveyance and payment are to be dependent and concurrent acts, the complaint must ordinarily allege a tender of a deed by plaintiff; and it is not sufficient merely to allege a readiness and willingness to convey, unless other facts are alleged, such as the· repudiation of the contract by ·defendant or refusal to accept a deed, which would render a tender unnecessary; and, even where by reason of such circumstances a tender of performance is unnecessary, it is still necessary to allege an ability and readiness on the part of the vendor to perform, or that he would have been able to perform but for some act of the purchaser." This text is supported by the case of *Booth v. Miliken*, 127 App. Div. 522, 111 N. Y. Supp. 791, affirmed in 194 N. Y. 553, 87 N. E. 1115.

In view of these authorites, we are constrained to hold that the demurrer to count 3 was properly sustained; and, the only sufficient count having been voluntarily withdrawn by plaintiff, and he declining to plead further, the court properly rendered a judgment for defendants.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.