## INGRAM REALTY CO. v. BROWN.
(7 Div. 260.)

(Supreme Court of Alabama. Nov. 16, 1922.)

Brokers ⊗⇒64(2)—No recovery under contract for negotiating deal where purchaser refuses to carry out bargain.

' In a broker's action for services performed in negotiating an exchange of real estate between defendant and a third party based on defendant's promise to pay commissions to plaintiff embodied in the written agreement executed by defendant and such third party, no recovery could be had where the third party failed to carry out his bargain, and there was no evidence that defendant was in fault with respect thereto; defendant's obligation being to pay an agreed sum to plaintiff for "negotiating the deal," and not merely for procuring a purchaser on the stipulated terms.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge.

Action by the Ingram Realty Company against Katie L. Brown. From a judgment for defendant, plaintiff appeals. Affirmed.

Plaintiff sued defendant "for work and labor done for the defendant by the plaintiff on or before the 1st day of March, 1917, at defendant's request."

The plea was the general issue, with leave to set up any matters of defense as if specially pleaded.

The services upon which plaintiff's claim is founded are for negotiating an exchange of real estate between the defendant, Mrs. Katie L. Brown, of Anniston, Ala., and one Lewis O. Steele, of Missouri. Mrs. Brown's promise to pay plaintiff for those services is incorporated in, and forms a part of, the written agreement executed by her and said Steele on March 1, 1917, at Birmingham, Ala., which, so far as material to the questions here involved, is as follows:

"This agreement, * * * by and between Katie L. Brown, * * * party of the first part, and Lewis O. Steele, * * * party of the second part, and Ingram Realty Company, agent for the party of the first part, and J. M. Shook & Co., agent for party of the second part, witnesseth: [Here follows recital of ownership and description of respective properties and agreement to exchange, and stipulating that each party shall deliver at the office of a named depository within 10 days a complete merchantable abstract of title to his or her property, 5 days being then allowed for inspection thereof, and defects, if any, to be reported in writing at said office; and it is further stipulated that such defects, if any, are to be rectified within 30 days, otherwise the contract is null and void at the option of the party not in default.]

"It is further agreed that the parties to this contract each, within 10 days from the date of execution of this contract, shall execute and deposit with said depository the warranty deeds to their respective properties, * * * to be held in trust by said depository until the completion of this contract [and to be delivered by it thereupon].

"It is further agreed that, if either party hereto shall fail to carry out this contract, as herein set forth, the party so failing shall pay all agent's commissions as hereinafter provided, and such agents may sue directly on this contract for such commission. * * *

"The parties hereto, each of them being fully aware of the agent or agents negotiating this deal and his or their commissions to be received, hereby agree to pay * * * as follows:

"Party of the first part to pay his agent or order the sum of $1,500.00.

"Party of the second part to pay his agent or order the sum of $1,575.00.

"Time is the essence of this contract."

The contract was signed only by Mrs. Brown and Steele.

There were verdict and judgment for defendant, from which plaintiff appeals.

Lapsley & Carr, of Anniston, for appellant.

Unless the evidence disclosed fraud perpetrated by plaintiff, inducing the defendant to execute the contract, the affirmative charge should have been given. There is no competent testimony tending to show fraud. 77 Ala. 357, 54 Am. Rep. 60; 121 Ala. 450, 25 South. 995; 100 Ala. 175, 14 South. 171; 131 Ala. 369, 31 South. 113; 93 Ala. 549, 9 South. 235. Counsel discuss other questions not necessary to be here stated.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

Real estate brokers are not entitled to commission, unless they produce a purchaser who is ready, able, and willing to buy on the seller's terms. The exchange contract was conditioned on Steele's ability to make title, and no commission was due by defendant until Steele made title. Defendant was entitled to the general affirmative charge, and all rulings on evidence and charges are therefore immaterial. 203 Ala. 14, 81 South. 682; 195 Ala. 239, 70 South. 273; 116 Ala. 396, 22 South. 540; 7 Ala. App. 366, 62 South. 254.

SOMERVILLE, J. The contract upon which plaintiff seeks to recover is not one merely for the production to defendant of a purchaser for her property on stipulated terms, as to which plaintiff's undertaking was fully discharged when the purchaser signed the executory agreement here exhibited.

On the contrary, defendant's obligation was to pay an agreed sum to plaintiff for "negotiating this deal," and it was a part of, and manifestly dependent upon, the terms of the executory agreement between the parties in chief for the exchange of their respective properties.

Conceding that if, without just cause, defendant had refused to carry out the executory agreement, she would have been liable for plaintiff's commission, yet it is entirely clear that she cannot be placed in such default unless it is made to appear that Steele, the other party in chief to the contract, had performed his obligations in the premises, and was able, ready, and willing to complete the transaction according to its terms.

There is nothing in the evidence that in any way tends to show that Steele ever executed and deposited with the designated depositary a warranty deed to his property, to be held in trust, and contingently delivered to defendant, as he was required to do within 10 days from the date of the executory agreement.

Again, it appears without dispute that Steele made objections to defendant's title, which, so far as appears, may have been utterly unfounded and capricious, and which do not appear to have ever been satisfied or withdrawn. The evidence therefore fails to show an essential element of plaintiff's case,

viz. Steele's willingness to accept defendant's title; it not appearing that defendant was in fault with respect thereto.

In view of the considerations above stated, it cannot be affirmed that defendant was bound to execute the agreement on her part, since the default of one party to a contract is not available as a basis for legal liability unless the other party was ready and able to perform, and was not in material default himself. Moss v. King, 186 Ala. 475, 65 South. 180.

We, of course, do not overlook the fact that this is a suit by an agent for compensation, and not a suit by one of the parties in chief for damages for the other party's failure to perform. But we think it is clear that, so far as this case is concerned, the principles that govern default and determine liability are substantially the same.

Plaintiff having failed to make out a case of liability on the part of defendant, and defendant being entitled to the general affirmative charge, if requested, it is not necessary to consider the rulings of the trial court relating to matters of defense merely, since in no event was plaintiff entitled to recover under the evidence before the court.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.