(96 South. 909)

**COLEY v. ENGLISH et al. (1 Div. 264.)**

(Supreme Court of Alabama. June 7, 1923.
Rehearing Denied June 28, 1923.)

1. **Specific performance ⚖97(1)—Tender not required when optionor had sold part of land.**

Under option in lease for purchase of the leased land and other land by lessee on payment of specified sum before expiration of the lease, where the lessors had sold part of the land and were not in position to perform, tender by lessee before suing for specific performance was not required.

2. **Specific performance ⚖117—Plaintiff must both allege and prove his own readiness and ability to perform.**

In suit for specific performance of option for purchase of land contained in lease, complainant must clearly allege his own intention, readiness, and willingness to perform, and his ability to pay the purchase price, and must prove such allegations.

3. **Landlord and tenant ⚖92(1)—Right to purchase under lease held "option."**

Under lease providing that lessors agreed to sell the leased premises and other land for $25,000, and that, if lessee elected to purchase the land and paid such sum and all rents due before expiration of the term, lessors would execute deed, the right to purchase was an "option."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Option.]

4. **Landlord and tenant ⚖92(3)—Time of essence of option in lease, and failure to pay rent as stipulated defeated specific performance.**

Under option in lease, providing for conveyance on payment by lessee of $25,000 and all rents due on or prior to last day of term, time was of the essence, and where lessee failed to pay rent thereon before maturity under the lease he was not entitled to specific performance.

Sayre and Gardner, JJ., dissenting.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Bill by Frederick I. Coley against Alice N. English and others. From a decree denying relief, complainant appeals. Affirmed.

Barnett, Bugg & Lee, of Monroeville, for appellant.

A party holding an option to purchase owns a right that will be recognized and enforced in equity. Jones & Co. v. Peebles, 133 Ala. 290, 32 South. 60; Bogan v. Daughdrill, 51 Ala. 312; 36 Cyc. 552. Tender to the vendor is not necessary, where the vendor has conveyed to another, or otherwise put it out of his power to perform. 36 Cyc. 706; Taylor v. Newton, 152 Ala. 459, 44 South. 583; Ashurst v. Peck, 101 Ala. 499, 14 South. 541. Allegations of ability and willingness to perform are merely formal. It is sufficient

whenever ability and willingness are manifested. Jenkins v. Harrison, 66 Ala. 345; Irvin v. Irvin, 207 Ala. 493, 93 South. 517; Rice v. Rice, 199 Ala. 672, 75 South. 21; Campbell v. Lombardo, 153 Ala. 489, 44 South. 862.

Hybart & Hare, of Monroeville, and Powell & Hamilton, of Greenville, for appellees.

Specific performance will not be decreed, where its enforcement would be inequitable. 25 R. C. L. 223; Rust v. Conrad, 47 Mich. 449, 11 N. W. 265, 41 Am. Rep. 720; 2 Story, Eq. 769; Blackwilder v. Loveless, 21 Ala. 371; Cudd v. Wood, 205 Ala. 682, 89 South. 52; Gachet v. Morton, 181 Ala. 179, 61 South. 817; Boylan v. Wilson, 202 Ala. 26, 79 South. 364; 36 Cyc. 548. The contract was not a contract to sell, but a mere option, and time was of its essence. Fulenwider v. Rowen, 136 Ala. 387, 34 South. 975; Lauderdale v. Perry, 202 Ala. 394, 80 South. 476; 36 Cyc. 711; Isom v. Johnson, 205 Ala. 157, 87 South. 543. It was necessary that complainant pay the rent as a prerequisite to exercise of the option, and he cannot avoid liability for rent by asserting that his subtenant refuses to pay. Haggerty v. Elyton Land Co., 89 Ala. 428, 7 South. 651; Florence Gas & Electric Co. v. Hanby, 101 Ala. 15, 13 South. 343; Mitchell v. Wright, 155 Ala. 458, 46 South. 473; Borst v. Simpson, 90 Ala. 373, 7 South. 814; Cooper v. Cooper, 201 Ala. 477, 78 South. 383; Ross v. Parks, 93 Ala. 153, 8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47; 36 Cyc. 697, 700; Grennell v. Dev. Co., 153 App. Div. 362, 138 N. Y. Supp. 511; Holding Corp. v. Bigelow, 176 App. Div. 500, 163 N. Y. Supp. 252. Where by the terms of the option the purchase price is to be paid within a certain time, a tender of payment is a condition precedent to the right to maintain a suit for specific performance. Heine v. Treadwell, 72 Cal. 217, 13 Pac. 503; Herman v. Winter, 20 S. D. 196, 105 N. W. 457; Steele v. Bond, 32 Minn. 14, 18 N. W. 830; Codding v. Wamsley, 4 Thomp. & C. (N. Y.) 49; Kerr v. Purdy, 51 N. Y. 629. The allegation of readiness and willingness to perform must be proved. Moss v. King, 186 Ala. 481, 65 South. 180; Saunders v. McDonough, 191 Ala. 119, 67 South. 591; J. C. Lysle Co. v. Nor. Ala. Groc. Co., 201 Ala. 222, 77 South. 748.

MILLER, J. This is a bill in equity by Frederick I. Coley, complainant and appellant, against Alice N. English, her husband, Arthur M. English, Arthur M. English, Jr., and his wife, Mary Moore English, seeking specific performance of a lease option contract of right to purchase land made by complainant with Alice N. English and her husband.

The court on final hearing on pleading and proof denied by decree complainant relief,

dissolved the temporary injunction, dismissed the cause, and taxed complainant with the cost of the suit; and this decree is assigned as error.

Mrs. English owned two places in Monroe county, one known as the English place, containing in the aggregate about 2,540 acres, and the other known as the California place, consisting of about 1,420 acres. By the terms of the contract on December 8, 1914, she and her husband, in writing, leased the English place to complainant, Coley, for three years, 1915, 1916 and 1917 for a consideration of $3,436.09, payable as follows: $1,200 cash when the instrument is executed; $1,036.09, on February 1, 1915; and $1,200 on December 31, 1917. The contract contains the following:

"And in case the rent is not promptly paid when due the said lessors shall have the power and right to re-enter the said premises hereby leased and enjoy the same as if this lease had never been made. * * *

"In consideration of the agreement hereinabove set forth the said lessors further agree to sell to the said lessee, at any time prior to December 31, 1917, the real estate herein above described, and also the plantation known as the California place, hereinafter particularly described, consisting of about fourteen hundred and twenty acres for the sum of twenty-five thousand and no/100 ($25,000). * * * If the said lessee elects to purchase said real estate on or prior to December 31, 1917, and pays the said lessors the said sum of twenty-five thousand and no/100 ($25,000) and all rents that may be due hereunder the said lessors hereby agree to execute and deliver to said lessee, his heirs, assigns, a general warranty deed conveying said property to said lessee to his heirs assigns, free and clear of all incumbrances, with an abstract of title to said property. If said twenty-five thousand and no/100 ($25,000) shall not be paid by said lessee, his heirs or assigns, on or prior to December 31, 1917, rights of the lessee under this agreement shall terminate."

[1] This bill was filed by the complainant on October 13, 1917, before the $1,200 rent note due December 31, 1917, matured, which note has not been paid to Mrs. Alice N. English. Nor did complainant tender the $25,000, purchase contract price, for the lands to the lessor Mrs. English before filing this bill. This however, is not essential to maintain a bill for specific performance in this case. It appears from the bill and the proof that after the execution and recordation of the lease option contract and before the bill was filed, the lessors sold and conveyed the California place to Arthur M. English, Jr., and Mary Moore English. The bill avers, and it is sustained by the proof, that there are on record mortgages on every tract of this land, given by the lessors, and which were recorded prior to the execution of this option, and which are still unpaid. The lessor, Mrs. English, was not in position to

209 ALA.—44

fully perform the option contract when the bill was filed as she had sold and conveyed a part of the land, the California place, after the execution of the option and equity does not require a useless formality. A tender of the purchase price to Mrs. English, the lessor, before filing the bill was not necessary under the facts and this lease option contract. Taylor v. Newton, 152 Ala. 459. 44 South. 583; Ashurst v. Peck, 101 Ala. 499, 14 South. 541; 36 Cyc. 706, headnote 20.

[2] The complainant by averment in the bill must clearly manifest his intention, readiness, and willingness to perform and his ability to pay the purchase price as the option contract contemplates. The complainant in the bill complies with this requisite by averring:

"That he is ready, willing, able, and anxious to exercise his option to purchase said property by paying over to said respondents whatever may be found to be due them as soon as the title to said property is shown to be marketable. And complainant respectfully submits himself to the jurisdiction of this honorable court and avers that he is ready to abide its decrees."

These averments must not only be made, but they must be supported by proof. The answers deny them, and put them in issue. In Saunders v. McDonough, 191 Ala. 134, 67 South. 596, the court wrote:

"But, in order to prevent the extinction of the inchoate equity of the vendees in the present case by the expiration of the period allowed them for performance, it is necessary for them to allege and prove, not only the refusal of the vendors to perform, but that they were themselves, able, ready, and willing to perform during that period of time. Moss v. King, 186 Ala. 475, 65 South. 180, and cases therein cited."

The same principle as to allegation and proof is declared by this court in Lysle Milling Co. v. North Ala. Gro. Co., 201 Ala. 222, headnote 3, 77 South. 748, where many authorities are cited. The principle was also recognized and the rule stated in McGehee v. Hill, 4 Port. 170, 176, 29 Am. Dec. 277.

In Moss v. King, 186 Ala. 475, 65 South. 182, this court declared the following rule:

"Hence it is universally held that, in an action by either party for the breach of a dependent covenant, he cannot proceed against the other without either actual or tendered performance, or a readiness and ability to perform; and an allegation to that effect must be made in the declaration, and it must be supported by proof. * * * And the same rule of pleading and proof obtains in courts of chancery."

There must be allegations in the bill that the complainant is ready, willing, and able to perform; and there must be proof to sustain the allegations that he is ready, willing, and able to perform his part of the contract according to its terms.

In Linn v. McLean, 80 Ala. 369, this court wrote:

"If the suit be treated as one for specific performance, it should appear to the satisfaction of the court, by a reference of the title or otherwise that the complainant is able on his own part to perform the contract according to its terms."

In Blackburn v. McLaughlin, 202 Ala. 434, 80 South. 818, the complainant filed bill for specific performance of a lease option contract, and in that case the court declared:

"When complainant avers his readiness, willingness, and ability to perform, he avers all that is necessary to invoke the jurisdiction of the court."

If it is necessary to aver these facts to invoke the jurisdiction of the court, then the court should necessarily require him to make proof thereof before granting him the relief he seeks thereby and therefrom. In the Blackburn Case, the court in the opinion quoted with approval the following, which is applicable to the instant case:

"Cases frequently cited in support of the statement that there must be mutuality of remedy as well as of obligation, ab initio, are simply authority· for the easily understood proposition, before stated, that mutual enforcement of the contract must be practicable when specific performance is to be decreed. The court should then be able to enforce all of the terms of the contract at once, in præsenti; should have the power to superintend the performance of the conditions of the contract by each of the parties, and in all its parts."

If the complainant is unable to perform his part of the contract according to its terms and conditions at the time fixed in the contract and at the time of· filing of the bill and at the time of rendering the decree, the court would not have "the power to superintend the performance of the conditions of the contract of each of the parties and in all its parts." So there must be proof as well as allegation by complainant that he is ready, willing, and able to pay the purchase price ($25,000) according to the terms of the contract, before the court should grant him the relief against the defendants, which he seeks through the contract. Offutt v. Wells, 42 Ala. 199. .

In Moss v. King, 186 Ala. 482, 65 South. 183, this court also wrote:

"But we are aware of no authority which holds that the plaintiff need not show his readiness and ability to perform, even when the defendant has repudiated the contract. On the contrary, affirmative authority is not lacking. In an action for damages for breach of an agreement to sell and deliver flour, with the allegation that the defendant refused to comply with his contract and refused to ship the flour, an instruction to the jury that, 'there being no evidence before them that plaintiff had offered to pay, or was able to pay, for the flour, before bringing this suit, they must find for the defendant,' was held correct. Offutt v. Wells, 42 Ala. 199, 200. There was no objection to the complaint for omitting the allegation of ability to perform, but proof of it was held essential. See, also, Terrell v. Nelson, 177 Ala. 596, 58 South. 989."

We find no proof to sustain the averment that the complainant was able when this bill was filed and before December 31, 1917, and is still ready, willing, and able to perform the contract by paying the purchase price for the land. There should be such proof; this is necessary to maintain this bill and to secure the relief under the option, which the complainant seeks. McDonald v. Walker, 95 Ala. 172, 10 South. 225; Daniel v. Collins, 57 Ala. 625; Roquemore v. Mitchell, 167 Ala. 475, 481, 52 South. 423, 140 Am. St. Rep. 52, and authorities supra; Moss v. King, 186 Ala. 475, 65 South. 180; Terrell v. Nelson, 177 Ala. 596, 58 South. 989; 13 Corpus Juris, 764, § 956, headnote 47.

[3, 4] The lease option contract provides:

"And in case the rent is not promptly paid when due the said lessors shall have the power and right to re-enter said premises hereby leased and enjoy the same as if this lease had never been made."

The said contract further provides:

"If the said lessee elects to purchase said real estate on or prior to December 31, 1917, and pays the said lessors the said sum of $25,-000, and all rent that may be due thereunder, the said lessors hereby agree to execute and deliver to said lessees, his heirs, or assigns, a general warranty deed conveying said property to said lessee, his heirs, and assigns, free and clear from all incumbrances, with an abstract of title to said property. If said $25,000 shall not be paid by said lessee, his heirs, or assigns, on or prior to December 31, 1917, rights of the lessee under this agreement shall terminate."

It · is evident from the contract the material inducement for giving the option was based on consideration of the 3-year lease of the English place and the $3,436.09 rent to be paid therefor. Complainant by the contract has a 3-year lease on the English place, but there was no obligation on, complainant's part to purchase the lands; it was not a sale or an agreement to sell these two places. An option was granted complainant by this instrument to purchase the , English place and the California place at any time during the three years by paying "the rent promptly when due, and the $25,000 and all rent that may be due thereunder, on or prior to December 31, 1917." This right to purchase the places by complainant was an option contract, and time the essence of it.

In Fulenwider v. Rowan, 136 Ala. 304, 34 South. 979, the' court quoted approvingly from 28 Am. & Eng. Law (1st Ed.) 77, the following:

"The right to purchase land is frequently the subject of contract and such right may be styled

an option. It is not an estate in land and an option is not a contract of sale. An option must be for a limited time, and if none is mentioned will remain in force for a reasonable time to be determined under all the circumstances of the case. Time is thus always of the essence of the contract."

The complainant gave one rent note for $1,200 to Mrs. English, due and payable December 31, 1917, which note was not paid before the bill was filed, nor was it paid on or before the maturity, but still remains unpaid. It is true the English place was in possession of Arthur M. English, Jr., in 1917, under contract, express or implied, with complainant to pay $1,200 rent to him, which has not been paid.

The nonpayment of the rent by Arthur M. English, Jr., the subtenant, to Coley, the tenant in chief, did not relieve complainant from paying his $1,200 rent obligation due December 31, 1917, under his lease option contract to Mrs. English; Mrs. English was not connected with this subrental contract.

Time was the essence of this option contract to purchase these two places. In order for complainant to avail himself of this option right to purchase these two places, it was necessary for him to pay the $1,200 rent at or before maturity under the lease agreement. The bill does not allege and the proof does not show any valid excuse for his failing to pay this rent at its maturity. The material inducement, and the only consideration to Mrs. English to grant the option, clearly appears to be the covenant with complainant to pay the rent, which he failed to do, to the amount of $1,200, as the contract provided. For this reason also the court below properly denied him the relief he seeks under his option. Larry v. Brown, 153 Ala. 452, 44 South. 841; Fulenwider v. Rowan, 136 Ala. 287, 34 South. 975.

Many other questions and issues are presented by the pleading and proof in this cause, including the following: Was the lease option contract signed involuntarily by Mrs. English under duress, with knowledge thereof by complainant, and were the first two rent payments made without her consent to the Monroe County Bank, on debts due it by her husband, for which she was surety? These and other issues are raised by the pleading, and there is much proof pro and con on these matters. They are argued and urged by the parties through their solicitors in their respective briefs. We feel it is unnecessary to go into these subjects and discuss the law and evidence thereon. The trial court rendered a general decree denying complainant relief without an opinion, and stating no ground upon which the relief was refused. What we have said sustains the decree of the lower court, and it is not necessary to discuss and decide the other issues and questions presented.

Finding no error in the record, the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.
SAYRE and GARDNER, JJ., dissent.
McCLELLAN, J., not sitting.

On Application for Rehearing.

MILLER, J. Though some of our cases may recognize a more liberal rule as to the necessity for showing that the vendee of land has been at all times ready, willing, and able to pay the purchase money and perform his obligations under the contract, it must be noted that these are cases of actual purchase and sale, the equities of which are different from and stronger than those in the case of a mere option to purchase. In the case of option contracts, the necessity of such a showing is clearly established by the authorities in accordance with the general rule both at law and in equity. The instant case is one for the enforcement of an option merely, as pointed out in the above opinion. Saunders v. McDonough, supra.

Responding to the query of counsel on application for rehearing we refer to Baker v. Lehman, 186 Ala. 493, 65 South. 321, wherein the nature and sufficiency of the evidence to show ability and readiness on the part of the purchaser is fully discussed.

Application overruled.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.
SAYRE and GARDNER, JJ., dissent.
McCLELLAN, J., not sitting.