147 So. 680

### FINKLEA v. GARRICK.

I Div. 752.

Supreme Court of Alabama.

Dec. 15, 1932.

Rehearing Denied Jan. 27, 1933.

See. also, Finklea v. Garrick, post, p. 161, 147 So. 682.

Tucker & Mabry, of Grove Hill, for petitioner.

Adams & Gilmore, of Grove Hill, for respondent.

·KNIGHT, J.

This case appears in this court on petition for certiorari to the Court of Appeals.

The petitioner insists that the Court of Appeals was in error in holding that the defendant was entitled to the general affirmative charge, and in affirming the judgment of the circuit court.

The opinion of the Court of Appeals presents but one question for our review, and that is: Was there any evidence before the trial court and jury affording an inference that, at the time the plaintiff made his demand on Garrick for the performance of the contract, he (the plaintiff) was ready, willing, and able to pay the balance of the purchase money for the cattle? For such evidence we can, under the uniform rulings of this court, only look to the finding of facts as made by the Court of Appeals.

The rule of our decisions is, in cases like the one now under consideration, that the buyer who would hold a seller to a breach of the contract of sale must have performed all the obligations of the contract, which by its terms are made obligatory upon him, or he must aver and prove, that, at the time he demanded performance of the contract on the part of the seller, he was ready, willing, and able to perform the same. The burden of averment and proof in such cases rests upon the plaintiff. Offutt v. Wells, 42 Ala. 199; Moss v. King, 186 Ala. 482, 65 So. 180, 183; Baker v. Lehman, Weil & Co., 186 Ala. 493, 65 So. 321, 325; Saunders v. McDonough, 191 Ala. 134, 67 So. 591, 596; Lysle Milling Co. v. North Ala. Gro. Co., 201 Ala. 222, 77 So. 748; McGehee v. Hill, 4 Port. 170–176, 29 Am. Dec. 277; McDonald v. Walker, 95 Ala. 172, 10 So. 225; Daniel v. Collins, 57 Ala. 625; Roquemore v. Mitchell, 167 Ala. 475, 52 So. 423, 140 Am. St. Rep. 52.

In the opinion filed in this cause, we find and excerpt the following, being a part of the testimony in the cause: "Plaintiff testified: 'I never did make any demand on Mr. Garrick and offer to pay him the balance of purchase price on 200 head of cattle I purchased from him but I asked him to deliver the cattle.' That he had asked Mr. Garrick to deliver 177 head of cattle to him which was the number due to be delivered to him under the contract of purchase of 200 head of cattle."

The court then proceeds to observe: "According to Finklea's own statement, Garrick nad delivered to him 25 head of cattle, which had been received under the contract. Garrick was under no duty then to deliver more than 175 head of cattle, and the plaintiff had no right under the contract to request the delivery of 177 head."

The Court of Appeals then proceeds to hold that there was no testimony before the jury to show that Finklea was ready, willing, and able to pay the balance of the purchase money, and for this reason the defendant was entitled to a directed verdict in his behalf.

The above-quoted excerpt from the testimony of the plaintiff shows that he requested the defendant to deliver the cattle. This was sufficient as a demand. In 55 Corpus Juris, § 306, at page 316, it is said: "Requisite and sufficiency of demand or notice. (1) In General. No particular form of words is necessary to render a demand or notice to deliver sufficient to put the seller in default, nor need it be in writing unless it is so stipulated."

While the Court of Appeals concludes that there was no testimony before the jury of the plaintiff's readiness, willingness, and ability to perform the contract on his part, yet its opinion shows that there was before the jury testimony from which the jury might reasonably infer that the plaintiff was ready, willing, and able to perform the contract on his part.

As we have pointed out, the plaintiff had asked the defendant to deliver the cattle. This was the equivalent of a demand for the delivery. In the case of Baker v. Lehman, Weil & Co., supra, this court, speaking through Justice Somerville, observed:

"Respectable authorities have held that a purchaser's readiness and ability to pay for the goods contracted for is sufficiently shown, prima facie, by his demand for their delivery made upon the vendor at the proper time and place. Squier v. Hunt, 3 Price, 68 (citing Wilks v. Atkinson, 1 Marsh. 412); Biggers v. Pace, 5 Ga. 171 (citing 2 Wm. Saunders, 352, a).

"And it seems to be well settled that very slight evidence is sufficient to show such readiness and ability. Hough v. Rawson, 17 Ill. 588; Kitzinger v. Sanborn, 70 Ill. 146; Bronson v. Wiman, 10 Barb. (N. Y.) 406 (affirmed in 8 N. Y. 182); [Alaska] Salmon Co. v. Box Co., 158 Cal. 567, 112 P. 454. This is, of course, especially true where the vendor has not based his failure to deliver upon the vendee's inability to accept and pay, and there is no serious contention of such inability on the trial. Salmon Co. v. Box Co., supra."

The above authorities were cited by this court with approval, and are sound in principle, and fully sustained by adjudged cases.

We are therefore at the conclusion that the facts made to appear in the opinion of the Court of Appeals called for and required the submission of the case to the jury, and that the defendant was not entitled to the general charge upon the stated theory of the Court of Appeals.

It follows, therefore, that the writ prayed

for will be granted, and the judgment of the Court of Appeals will be here reversed and the cause remanded to that court.

Writ granted.

All the Justices concur.